# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| NATHAN FARRELL : | |
| 8340 Sunnydale Dr : | |
| Brecksville, OH 44141 : | |
| : | CASE NO. 1:21-cv-1960 |
| Plaintiff, : | |
| : | JUDGE |
| v. : | |
| : | |
| Spitzer Motor City, Inc. : | |
| 13001 Brookpark Rd : | **Jury Demand Endorsed Hereon** |
| Brook Park, OH 44142 : | |
| : | |
| Defendant. : | |

## COMPLAINT

NOW COMES Plaintiff Nathan Farrell ("Plaintiff") and proffers this Complaint for damages against Defendant Spitzer Motor City, Inc. ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to 38 U.S.C. §4311(a) *et seq.*- the Uniformed Services Employment and Reemployment Rights Act ("USERRA").

2. This Court has jurisdiction over this action by virtue of 28 U.S.C. §1331 and 38 U.S.C. §4323(b).

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391(b) and 38 U.S.C. §4323(c)(2) because the claim arose in the Northern District of Ohio, where at all times material herein Defendant has maintained a place of business at which Plaintiff worked.

## THE PARTIES

4. Plaintiff Nathan Farrell is a resident of Cuyahoga County, Ohio, who was employed by Defendant from May 11, 2020 to August 10, 2021.

5. At all times material, he was an employee of Defendant as that term is defined by USERRA, 38 U.S.C. 4303(3).

6. Defendant Spitzer Motor City, Inc. is a Corporation, registered to do business in Ohio.

7. At all times material, Defendant was an employer as that term is defined by USERRA, 38 U.S.C. 4303(4)(A).

## FACTUAL BACKGROUND

8. Plaintiff was hired by Defendant on or around May 11, 2020 as a Sales Consultant.

9. Plaintiff moved to an Assistant Service Manager position on or around October 13, 2021. In this role, Plaintiff had no performance-related issues, and his disciplinary record was devoid of any significant concerns.

10. At all relevant times, Plaintiff was a member of the United States Army Reserve. The United States Army is one of the "uniformed services" covered by USERRA, 38 U.S.C. 4303(16).

11. At all relevant times, Plaintiff participated, at minimum, in mandatory Army training drills one weekend every month and annual training once per year; and said participation constituted "service in the uniformed services" within the meaning of 38 U.S.C. 4303(13).

12. Service (including training activity) in the uniformed services constitutes protected activity, under USERRA.

13. Action undertaken by an employee in furtherance or protection of the rights afforded under USERRA also constitutes protected activity under USERRA.

14. At all relevant times, Defendant was aware of Plaintiff's military status.

15. From February 23, 2021 until July 16, 2021, Plaintiff attended basic training for the U.S. Army.

16. He returned to work on August 2.

17. Both before and after his basic training, Plaintiff spoke with Service Director Ed Biro about his dream of one day becoming a police officer for the Cleveland Division of Police.

18. Mr. Biro and other members of Defendant's management had generally been supportive of Plaintiff's career goals.

19. After he returned from basic training on August 2, Plaintiff worked for a week with no issues.

20. He also requested off work for military drill from August 19 – 22.

21. Mr. Biro approved this request on August 3.

22. During Plaintiff's first week back, the employee who was responsible for Plaintiff's job duties while Plaintiff was at basic training, Todd Pastva, was on a personal vacation.

23. Mr. Pastva returned to work on August 10.

24. That day, Mr. Biro and Mr. Pastva met with Plaintiff and asked Plaintiff what his career aspirations were.

25. Plaintiff again informed them that his goal was to eventually become a police officer and explained the process of becoming a police officer.

26. Mr. Biro responded by saying, "I think we are going to start that process early, and we are going to let you go."

27. He further explained that Defendant wanted employees who wanted to work at Defendant as their long-term careers.

28. Mr. Biro also said, "we need people that can work and don't request days off … you need all of these days off, and I can't have that."

29. Thus, Plaintiff was terminated.

30. Defendant discriminated against Plaintiff because of his military status and retaliated against him for taking military leave. This is evident by the very close proximity between Plaintiff's return from military leave and the termination, coupled with the fact that he was leaving for another military training shortly after he was terminated.

31. The fact that Plaintiff expressed that he wanted to become a police officer one day is not a valid reason for his termination.

32. The reasons for Plaintiff's termination are not legitimate and are pretext for discrimination.

33. Defendant took adverse action against Plaintiff, including discharge, at least in part because of his engagement in activity protected under USERRA, 38 U.S.C. 4311.

## COUNT I

### USERRA violation

34. The preceding paragraphs are realleged and reincorporated as if fully rewritten herein.

35. By reason of the foregoing acts and omissions, and in violation of the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. 4311(a) and/or (b), Plaintiff Nathan Farrell has been denied his rights to retention in employment and/or to be free from retaliation for taking action to protect his right to retention in employment, proximately resulting in reasonably foreseeable damages, in an amount greater than $75,000, in terms of: loss of salary and value of benefits to date of trial ("Back Pay") and,

potentially, thereafter ("Front Pay"); mental anguish and emotional distress (requiring professional care and treatment); humiliation and disparagement of reputation; impairment and diminution of future earning capacity and career prospect; and general loss of enjoyment of life, all warranting an award of general compensation ("Compensatory Damages"); and an equal amount as liquidated damages ("Liquidated Damages"), which ought to be awarded against Defendant because of its intentional, malicious, willful, wanton and/or reckless violations of Plaintiff's rights.

## COUNT II

### Violation of 41 ORC §4112.02(A)

36. The preceding paragraphs are realleged and incorporated herein.

37. By reason of the foregoing acts and omissions, it was unlawful discriminatory practice for Defendant to discharge Plaintiff because of his military status, without cause, or otherwise to discriminate against him with respect to any matter directly or indirectly related to employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A. Trial by jury, pursuant to Fed. R. Civ. P. 38 and U.S. Const., Amend. 7 on all issues of law;

B. Judgment against Defendant for damages in an amount greater than $300,000.00;

C. Judgment for Plaintiff, in accordance with each Count hereof, for said sums of Back and Front Pay, plus prejudgment interests and costs, as well as reasonable attorneys' and expert witness' fees and expenses under USERRA; and

D. Such other relief and redress as the Court may deem appropriate.

Respectfully submitted,

/s/ Rachel Sabo Friedmann, Esq.
Rachel Sabo Friedmann (089226)
(*Rachel@thefriedmannfirm.com*)
Peter G. Friedmann (0089293)
(*Pete@thefriedmannfirm.com*)
**The Friedmann Firm LLC**
1457 S. High Street
Columbus, Ohio 43207
Telephone: 614-610-9756
Fax: 614-737-9812

*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ Rachel Sabo Friedmann, Esq.
Rachel Sabo Friedmann (089226)